UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICKY D. YOUNG,<br><br>       Plaintiff,<br><br>  -against-<br><br>P.O. JOHN DOE, et al.,<br><br>       Defendants. | 24-CV-10069 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at the Eric M. Taylor Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. He asserts claims arising out of events in Flushing, New York, and his criminal prosecution in state court in Queens County.  For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues an unidentified Queens Assistant District Attorney, two John Doe police officers, and the City of New York. He states that his claims arose at the "Queens Criminal Court" and in "the hospital in Flushing." (ECF 1 at 4.) Because Plaintiff alleges that the events giving rise to his claims took place in Queens County, outside this district, venue is not proper in this district under Section 1391(b)(2), based on where the events occurred. It is unclear whether venue is proper in this district under Section 1391(b)(1), based on where all of the defendants reside.

Queens County is in the Eastern District of New York. 28 U.S.C. § 112(c). Venue of Plaintiff's claims thus is proper in the Eastern District of New York, under Section 1391(b)(2), based on where the events giving rise to the claims occurred.

Even if venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might also have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

*Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, and it is reasonable to expect that witnesses and relevant documents also would be in Queens County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 7, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Plaintiff has not yet paid the filing fees or submitted an application to proceed *in forma pauperis*.